IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVSION


LEEGABE LITTLE WHIRLWIND,   No. 3:18-cv-00832-HZ

    Plaintiff,   OPINION & ORDER

  v.

WASHINGTON COUNTY COURT,

    Defendant.


Leegabe Little Whirlwind
2132 SE Glendale Ct.
Hilsboro, OR 97123

    Pro se Plaintiff

HERNÁNDEZ, District Judge:

    Leegabe Little Whirlwind brings this action against Washington County Court. On September 13, 2018 Plaintiff moved for the appointment of counsel, and on October 9, 2018

OPINION & ORDER - 1

Plaintiff moved to proceed *in forma pauperis*. The Court finds that Plaintiff is unable to pay the filing fee and grants Plaintiff's motion to proceed *in formal pauperis*. However, the Court finds the appointment of counsel is not appropriate at this time, and that Plaintiff has failed to state a claim for relief. The Court therefore dismisses Plaintiff's Complaint.

## STANDARDS

A court may dismiss a complaint filed *in forma pauperis* at any time, if the court determines that:

>  (B) the action or appeal—
> 
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

Plaintiff alleges that Defendant Washington County Court improperly terminated his parental rights in violation of the Indian Child Welfare Act. Compl. at 4. Specifically, Plaintiff alleges that on October 31, 2014, Defendant violated 25 U.S.C. § 1912 by adjudicating his parental rights without proper notice to the Northern Cheyenne Tribe. *Id.* In support of his Complaint, Plaintiff attaches a Judgment/Referral form from the Washington County Circuit Court. This form, dated October 31, 2014, appears to impose probation conditions. These

conditions stem from a jury trial in which Plaintiff was found guilty of two counts of assault in the fourth degree constituting domestic violence and one count of strangulation. Compl. at Ex. 1. The form orders Plaintiff to have no direct or indirect contact (without prior written permission from PO) with Joy De'Ann Allen. *Id.* Additionally, next to a box designated "other," there is a handwritten note that reads "contact with children with DHS." *Id.* Plaintiff requests an order invalidating the Washington County Circuit Court order, as well as declaratory relief. Compl. at 2, 5.

I. Indian Child Welfare Act

The Indian Child Welfare Act ("ICWA" or "Act") was enacted by Congress "to rectify state agency and court actions that resulted in the removal of Indian children from their Indian communities and heritage." *Doe v. Mann*, 415 F.3d 1038, 1047 (9th Cir. 2005). The Act "sets minimum Federal standards for the removal of Indian Children from their families and the placement of such children in foster or adoptive homes . . . ." 25 U.S.C. § 1902. These minimum standards include, for example, specific notice requirements for "any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved." *Id.* § 1912(a). These involuntary proceedings include foster care placements and terminations of parent rights. *Id.*

The ICWA lists foster care placements and terminations of parental rights under the broader umbrella of "child custody proceedings." *Id.* § 1903(1). A foster care placement is defined as "any action removing an Indian child from its parent or Indian custodian for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated[.]" *Id.* § 1903(1)(i). A termination of parental rights is

defined as "any action resulting in the termination of the parent-child relationship." *Id.* § 1903(1)(ii). However, these "terms shall not include a placement based upon an act which, if committed by an adult, would be deemed a crime or upon an award, in a divorce proceeding, of custody to one of the parents." *Id.* § 1903(1).

A plaintiff may challenge a state court action that violates the ICWA in federal court. *Doe v. Mann*, 415 F.3d 1038, 1045 (9th Cir. 2005) (the "ICWA creates an implied cause of action and thus serves as a basis for federal question jurisdiction under 28 U.S.C. § 1331."). Specifically, under section 1914,

> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

The Ninth Circuit has held that federal courts are "court[s] of competent jurisdiction," and therefore that "§ 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of §§ 1911, 1912, or 1913." *Doe v. Mann*, 415 F.3d at 1047.

Here, Plaintiff appears to allege—by reference to an attached order—that Washington County Court terminated his parental rights without proper process under the ICWA. As a preliminary matter, the Washington County order is ambiguous at best. Under "conditions of probation," next to a box designated "other," there is a handwritten note that reads "contact with children with DHS." The Court is therefore unsure whether the order intended to deny contact with children in the care of DHS in the first place. Either way, there is no indication the order terminated Plaintiff's parental rights. Rather, the order simply lists probation conditions that resulted from Plaintiff's criminal conviction. The order does not appear to place Plaintiff's

children in foster care or otherwise terminate Plaintiff's parental rights. Because section 1912 of the ICWA only discusses removal, placement, and termination proceedings—none of which appear to be at issue here—Plaintiff has failed to state a claim for relief.

The Court dismisses Plaintiff's Complaint without prejudice. If Plaintiff has additional factual allegations to support his claim that an involuntary hearing resulted in the termination of his parental rights in violation of the ICWA, he may file an amended complaint within thirty days of the date listed below.

II. Motion to Appoint Counsel

Plaintiff also moves for a court appointed attorney. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, the ICWA does provide for a "right to court-appointed counsel in any removal, placement, or termination proceeding." 25 U.S.C. § 1912(b). Additionally, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. of Iowa*, 490 U.S. 296, 301–08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335–36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is

dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331.

Plaintiff is not entitled to court-appointed counsel under the ICWA because this is not a removal, placement, or termination proceeding. Neither is it appropriate to appoint counsel under 28 U.S.C. § 1915(e) when the Court is dismissing the case. The Court therefore denies the motion for appointment of counsel.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [8] is granted. Plaintiff's motion for appointment of counsel [6] is denied, and Plaintiff's Complaint [1] is dismissed *sua sponte* without prejudice. Plaintiff may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

Dated this ___16___ day of ___Nov.___, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge